IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

No. 1:93-CR-21-01

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DREW H. BRINSON | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's Petition for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651(a), and Defendant's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, Defendant's motions will be dismissed.

## BACKGROUND

Defendant Drew H. Brinson and co-defendant Robert Kenneth Brinson were indicted on February 10, 1994 for various crimes, including armed bank robbery, bank larceny, and carjacking. On May 3, 1994, Defendant pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(d). Defendant did not file an appeal. On October 18, 1999, Defendant submitted a Petition for Writ of Error Coram Nobis to correct alleged errors as to the voluntariness of his guilty plea, ineffective assistance of counsel, and conditions of his plea agreement, to which the Government responded on February 16, 2000. On March 27, 2000, Defendant attempted in essence to amend his motion by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter is ripe for ruling.

\* \* \* \*

28 U.S.C. § 1651(a), commonly referred to as the All Writs Act, grants to federal courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions

and agreeable to the usages and principles of law." This provision is a "residual source of authority to issue writs that are not otherwise covered by statute." Carlisle v. United States, 517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (quoting Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189(1985). In the instant case, Defendant seeks to collaterally attack his federal conviction based on alleged errors of law. Because 28 U.S.C. § 2255 specifically governs such actions, the All Writs Act is therefore unavailable to Defendant as a source of relief.

Defendant fares no better by styling his motion as a habeas petition pursuant to 28 U.S.C. § 2241. That statute establishes federal court's authority to grant writs of habeas corpus and sets certain base requirements, such as the custody requirement, for who may seek such relief. See 28 U.S.C. § 2241(a) and (c), respectively. Although the provision is part of the larger statutory framework for federal habeas corpus relief, the provision does not itself provide a cause of action for prisoners wishing to collaterally attack their federal convictions. This cause of action is found in 28 U.S.C. § 2255. Consequently, the Court will construe Defendant's petition as having been brought pursuant to the proper section, Section 2255.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996. The AEDPA amended 28 U.S.C. § 2255 to impose a one-year limitations period in which petitioners may file motions under this section for habeas relief. See 28 U.S.C. 2255. The Supreme Court in Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997), determined that Congress intended the AEDPA to apply to all habeas petitions filed after its enactment date. Id., at 2063.

Fairness concerns led the U.S. Department of Justice to announce a discretionary one-year grace period for all petitions that are filed after enactment of the AEDPA, but that pertain to

pre-enactment criminal proceedings. Consequently, all prisoners convicted before the enactment of the AEDPA had a deadline of April 24, 1997 for filing petitions for habeas relief relating to their convictions. Because the instant petition was filed after this deadline, this Court lacks jurisdiction to grant the relief sought.

Consequently, the Court hereby DENIES Defendant's motions for habeas corpus relief. This action is accordingly DISMISSED in its entirety.

SO ORDERED.

This 12 day of May, 2000.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE